*File Copy*

**FILED**

Jeffrey A. Apperson, Clerk

JUL 0 1 2009

U. S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                          CRIMINAL ACTION NO. 3:06CR-147-S

MICHAEL D. SPALDING                                         DEFENDANT

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not. You must follow all of the instructions as a whole; you may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against a defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or produce any evidence at all. This means that a defendant has no obligation to testify. Therefore, if a defendant does not testify during a trial, you may not draw any inference or suggestion of guilt from that fact, nor may you consider this in any way in reaching your verdict. The United States has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case? Did the witness have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

When knowledge of a specialized subject matter may be helpful to the jury, a person having training or experience in the field is permitted to state an opinion.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

## COUNT 1

Title 21, United States Code, Section 841(a)(1), makes it a federal crime for anyone to possess a "controlled substance" with intent to distribute it.

Cocaine base, commonly known as "crack," is a "controlled substance" within the meaning of the law.

The defendant can be found guilty of that crime only if all of the following facts are proved beyond a reasonable doubt:

First:   That the defendant knowingly possessed a controlled substance;

Second:   That the substance contained cocaine base;

Third:   That the defendant possessed the substance with the intent to distribute it;
and

Fourth:   That the quantity of the substance was 5 grams or more.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction. To establish actual possession, the United States must prove that the defendant had direct, physical control over the controlled substance, and knew that he had control over it. However, just being present where something is located does not equal possession. Also, the defendant does not have to own the controlled substance in order to possess it.

You will indicate your verdict as to Count 1 on Verdict Form A. You will then proceed to the next instruction.

## LESSER INCLUDED OFFENSE TO COUNT 1

In some cases the law which a defendant is charged with breaking actually covers two separate crimes—one is more serious than the second, and the second is generally called a "lesser included offense."

So, in this case, with regard to the offense charged in Count 1, if you should find the defendant "not guilty" of that crime as defined in these instructions, you should then proceed to decide whether the defendant is guilty or not guilty of the lesser included offense of simple possession of cocaine base, a controlled substance.

The defendant can be found guilty of that crime only if all of the following facts are proved beyond a reasonable doubt:

First:   That the defendant knowingly possessed a substance containing cocaine base; and

Second:  That the quantity of the substance exceeded 5 grams.

If you decide that the government has proved this lesser charge beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the verdict form.  If you decide that the government has not proved this lesser charge beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

You will indicate your verdict as to Lesser Included Offense to Count 1 on Verdict Form B. You will then proceed to the next instruction.

## COUNT 2

Title 18, United States Code, Section 924(c)(1), makes it a separate federal crime for anyone to use or carry a firearm during and in relation to a drug trafficking crime.

The defendant can be found guilty of Count 2 only if all of the following facts are proved beyond a reasonable doubt:

First:   That the defendant committed the drug trafficking crime charged in Count 1;

Second:  That the defendant knowingly used or carried a firearm; and

Third:   That the use or carrying of the firearm was during and in relation to the crime charged in Count 1.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive.

To establish "use," the United States must prove active employment of the firearm during and in relation to the crime charged in Count 1. "Active employment" means activities such as brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm. "Use" also includes a person's reference to a firearm in his possession for the purpose of helping to commit the crime charged in Count 1. "Use" requires more than mere possession or storage.

"Carrying" a firearm includes carrying it on or about one's person. "Carrying" also includes knowingly possessing and conveying a firearm in a vehicle which the person accompanies.

The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime charged in Count 1; in other words, the firearm must facilitate or further,

or have the potential of facilitating or furthering the crime charged in Count 1, and its presence or involvement cannot be the result of accident or coincidence.

A firearm is used "in relation to a drug trafficking crime" if the firearm had some relation to or connection with that crime. For example, if the person possessed the firearm during the crime and intended to use it to protect himself or make escape possible, that firearm would be used "in relation to a drug trafficking crime."

You will indicate your verdict as to Count 2 on Verdict Form C. You will then proceed to the next instruction.

## COUNT 3

Title 18, United States Code, Section 922(g)(1) makes it a federal crime for a convicted felon to knowingly possess a firearm in or affecting commerce.

The defendant can be found guilty as to Count 3 only if all of the following facts are proved beyond a reasonable doubt:

First:    That on or about March 1, 2006, Michael D. Spalding possessed the Republic Arms .40 caliber pistol, Serial No. RA00456;

Second:   That prior to such possession, he had been convicted of a felony; that is, a crime punishable by imprisonment for a term exceeding one year; and

Third:    That before the defendant possessed the firearm, it had been transported from one state to another.

To establish actual possession, the United States must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it. However, just being present where something is located does not equal possession. Also, the defendant does not have to own the firearm to possess it.

You will record your verdict as to Count 3 on Verdict Form D. You will then end your deliberations and return to the courtroom.

You have heard testimony that the defendant is a convicted felon. This evidence was allowed to be introduced for one reason:  it was presented as an element of the crime charged in Count 3. Do not consider this evidence for any other purpose or in consideration of any other crime charged against the defendant.  The defendant is on trial here only for the crimes charged in the indictment and not for any previous act.  Do not return a guilty verdict unless the United States proves the crimes charged beyond a reasonable doubt.

You have heard testimony that during the time the crimes were supposed to have been committed, the defendant fled from the police.

If you believe from the evidence that the defendant fled from the police, then you may consider this conduct, along with all the other evidence, in deciding whether the United States has proved beyond a reasonable doubt that he committed the crimes charged. This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may flee from the police for some other reason.

You will note that the indictment charges that the crimes were committed "on or about" a certain date.  The United States does not have to prove with certainty the exact date of the alleged crimes.  It is sufficient if the United States proves beyond a reasonable doubt that the crimes were committed on dates reasonably near the dates alleged.

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

A separate crime is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not affect your verdict as to any other crime charged.

The defendant is on trial only for those specific crimes alleged in the indictment. Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the defendant is convicted the matter of punishment is for the judge to determine.

Any verdicts you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will not have to explain your verdicts to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

Forms of verdicts have been prepared for your convenience.

You will take the verdict forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict forms, date and sign them, and then return to the courtroom.

**VERDICT FORM A**

| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱 | **District**<br><br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL D. SPALDING | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:06CR-147-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND :**


The defendant, Michael D. Spalding, _____ as to Count 1 of the indictment.
                                                                    (guilty/not guilty)

| **Foreperson's Signature** | **Date** |
|---|---|

## VERDICT FORM B

| United States District Court | **District**<br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL D. SPALDING | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:06CR-147-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND :**


Having found the defendant, Michael D. Spalding, not guilty as to Count 1 of the indictment, find the defendant
_____ as to the Lesser Included Offense of Simple Possession of Cocaine Base.
    (guilty/not guilty)

| **Foreperson's Signature** | **Date** |
|---|---|

**VERDICT FORM C**

| United States District Court | **District**<br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL D. SPALDING | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:06CR-147-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND :**

The defendant, Michael D. Spalding, _____ as to Count 2 of the indictment.
                                                                    (guilty/not guilty)

| **Foreperson's Signature** | **Date** |
|---|---|

## VERDICT FORM D

| United States District Court | District<br><br>Western District of Kentucky |
|---|---|
| Case Title<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL D. SPALDING | Docket No.<br><br>CRIMINAL ACTION NO. 3:06CR-147-S |

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND :


The defendant, Michael D. Spalding, _____ as to Count 3 of the indictment.
(guilty/not guilty)

| Foreperson's Signature | Date |
|---|---|